**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

―――――――――

**No. 15-4621**

―――――――――

UNITED STATES OF AMERICA,

              Plaintiff – Appellee,

    v.

ELTON BARNES, JR., a/k/a Reggie Woodard,

              Defendant - Appellant.

―――――――――

Appeal from the United States District Court for the Eastern District of North Carolina, at Raleigh.  James C. Fox, Senior District Judge.  (5:14-cr-00091-F-1)

―――――――――

Submitted:  October 25, 2016       Decided:  November 3, 2016

―――――――――

Before NIEMEYER, MOTZ, and DUNCAN, Circuit Judges.

―――――――――

Affirmed by unpublished per curiam opinion.

―――――――――

Thomas P. McNamara, Federal Public Defender, Stephen C. Gordon, Assistant Federal Public Defender, Raleigh, North Carolina, for Appellant. John Stuart Bruce, Acting United States Attorney, Jennifer P. May-Parker, Barbara D. Kocher, Assistant United States Attorneys, Raleigh, North Carolina, for Appellee.

―――――――――

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

A federal jury convicted Elton Barnes, Jr. of possession of a firearm by a felon, in violation of 18 U.S.C. § 922(g)(1) (2012). The district court sentenced Barnes to 120 months of imprisonment and he now appeals. For the reasons that follow, we affirm.

Barnes first argues on appeal that the district court erred in admitting a hearsay statement at trial, and that admission of the statement violated his right to confront witnesses against him guaranteed by the Sixth Amendment. We review the district court's admission of evidence for abuse of discretion. United States v. Moore, 810 F.3d 932, 939 (4th Cir. 2016). Hearsay is a statement, other than one made by the declarant while testifying at the trial or hearing, offered in evidence to prove the truth of the matter asserted. Fed. R. Evid. 801(c). Hearsay is generally inadmissible. Fed. R. Evid. 802.

We have thoroughly reviewed the record and conclude that any error in the admission of the challenged statement was harmless. See United States v. Weaver, 282 F.3d 302, 313-14 (4th Cir. 2002) (evidentiary rulings are subject to review for harmless error). In addition, we reject Barnes' argument that admission of the statement violated his Sixth Amendment rights. "Only 'testimonial' statements are excludable under the Sixth Amendment's Confrontation Clause", Moore, 810 F.3d at 939, and

2

Barnes has failed to demonstrate that the statement was testimonial.

Barnes also argues that the district court erred in applying an enhancement in offense level under the Sentencing Guidelines for possession of a firearm with an altered or obliterated serial number where the jury acquitted him of the charge of possession of a firearm with an obliterated serial number. In reviewing the district court's calculations under the Guidelines, "we review the district court's legal conclusions de novo and its factual findings for clear error." United States v. Manigan, 592 F.3d 621, 626 (4th Cir. 2010).

Here, the district court committed no error in applying the Guidelines enhancement as the charged offense and the Guidelines enhancement have different elements. The Guidelines direct a court to apply a four-level enhancement in the offense level when the defendant possessed a firearm with an obliterated serial number. U.S. Sentencing Guidelines Manual § 2K2.1(b)(4)(B) (2015). Such an enhancement "applies regardless of whether the defendant knew or had reason to believe that the firearm . . . had an altered or obliterated serial number." USSG § 2K2.1 cmt. n.8(B). Under 18 U.S.C. § 922(k) (2012), however, knowledge that a serial number is altered or obliterated is an element of the offense. See United States v. Haywood, 363 F.3d 200, 206-07 (3d Cir. 2004).

3

Moreover, we have held that a district court may consider acquitted conduct at sentencing as long as the court finds such relevant conduct by a preponderance of the evidence. See United States v. Perry, 560 F.3d 246, 258 (4th Cir. 2009).

Accordingly, we affirm the judgment of the district court. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid in the decisional process.

AFFIRMED